**O**
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RONALD BRANSON, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES, OFFICER KEVIN BAYONA, MARVIN GROSS, MELONY SCHOENBERG, NANCY S. GAST, MICHAEL JESIC, ANITA DYMANT, PATTI JO MCKAY, SANJAY KUMAR, AND DOES 1 THROUGH 10, inclusive <br><br> Defendants. | CASE NO. CV 11-0565 ODW (JEMx) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [17] |

Currently before the Court is Defendants, City of Los Angeles (the "City") and Officer Kevin Bayona's ("Bayona," and collectively, "Moving Defendants"), Motion to Dismiss Plaintiff, Ronald Branson's ("Plaintiff"), First Amended Complaint ("FAC"). (Dkt. No. 17.) After careful consideration, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court **GRANTS** Moving Defendants' Motion.

On October 25, 2010, Plaintiff instituted this action in Los Angeles Superior Court against Moving Defendants and certain fictitious Defendants (collectively, "Defendants"). Defendants removed this case on January 19, 2011. Subsequently, Plaintiff and Defendants moved to remand and dismiss the case respectively, and on April 21, 2011, the Court denied Plaintiff's Motion to Remand and granted Defendants' Motion to Dismiss. (*See generally* April 21, 2011 Order, Dkt. No. 15.) Specifically, the Court dismissed Plaintiff's claims pursuant to 42 U.S.C. § 1983 ("§ 1983") for false arrest and unreasonable search and seizure holding that Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). (April 21, 2011 Order at 12.) The dismissal of Plaintiff's § 1983 claims was without prejudice "to his right to file a new action raising these claims should his conviction be overturned on appeal."[1] (*Id.* at 12.) In addition, Plaintiff was given twenty-one (21) days to amend his Complaint to state a claim based on Defendants' failure to take him before a magistrate after his arrest and incarceration but prior to trial." (*Id.* at 13.) Subsequently, Plaintiff filed his FAC on May 11, 2011, and Moving Defendants seek to dismiss Plaintiff's FAC in its entirety.

Here, the Court finds that Plaintiff's FAC contains much of the same allegations that were previously dismissed. Plaintiff's FAC includes the following claims under § 1983: (1) conspiracy to violate the Fifth and Fourteenth Amendments - lack of Due Process of Law; (2) Conspiracy to Violate the Fourth Amendment; (3) Conspiracy to Perpetuate Malicious Prosecution; (4) Conspiracy to Fabricate False Evidence; and (5) Conspiracy to Commit False Imprisonment. As articulated in the April 21, 2011 Order, these claims pursuant to § 1983 call into question the lawfulness of Plaintiff's criminal conviction. The lawfulness of Plaintiff's arrest, however, has been established as part of his criminal conviction. *See Heck,* 512 U.S. at 486-87; *Susag v. City of Lake Forest*, 94 Cal. App. 4th 1401, 1409 (Ct. App. 2002). Accordingly, the Court **GRANTS** Moving

---

[1] *Heck* first established that a § 1983 claim calling into question the lawfulness of a plaintiff's conviction or confinement is not cognizable until the conviction or confinement has been invalidated. 512 U.S. at 483.

Defendants' Motion and dismisses Plaintiff's FAC in its entirety.[2] In the event Plaintiff's conviction is overturned on appeal, he may file a new action. All remaining motions are hereby found moot, and the Clerk of Court shall close this case.

IT IS SO ORDERED.

October 17, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's FAC is also dismissed against nonmoving Defendants as they are in a position similar to that of the Moving Defendants. *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to the defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008).